IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-06-222 |
| | * | |
| CHRISTOPHER KELLY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Christopher Kelly's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 177). Kelly seeks relief on the basis that he suffers from hypertension and a decreased white blood cell count, making him susceptible to serious illness from COVID-19, and that in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) his conviction under 18 U.S.C. § 924(c) can no longer stand.

The court is not persuaded that Kelly's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] While the court does not doubt that Kelly's hypertension and white blood cell count impact his life, and the CDC's data collection shows that hypertension and immune deficiencies "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), the scientific evidence supporting that conclusion is, at this

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria— to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–24 (D. Md. 2020) (citing cases).

time, "mixed," *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Absent evidence of other underlying conditions that make Kelly particularly vulnerable to COVID-19, the court does not believe Kelly's current health status is grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief").[2]

As for Kelly's argument that he is entitled to relief in light of *United States v. Davis*, the court has already ruled that the predicate offense underlying Kelly's § 924(c) conviction, Hobbs Act robbery, remains a "crime of violence," *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), and that therefore Kelly is not entitled to have his conviction vacated. (ECF 166).[3] And to the extent that Kelly requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

Accordingly, Kelly's motion for compassionate release (ECF 177) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this <u>19th</u> day of May, 2021.

                                                    /S/
                                                Catherine C. Blake
                                                United States District Judge

---

[2] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.
[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.